UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,

    Plaintiffs,

vs.

Case No. 6:18-cv-223-Orl-28KRS

FAMILY PRACTICE AND REHAB, INC., and GILSON MORTIMER,

    Defendants.
_____/

**PLAINTIFFS' RENEWED MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, FAMILY PRACTICE AND REHAB, INC., AND INCORPORATED MEMORANDUM OF LAW**

Plaintiffs, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("State Farm Mutual") and STATE FARM FIRE AND CASUALTY COMPANY ("State Farm Fire") (collectively "Plaintiffs"), by counsel and pursuant to Federal Rule of Civil Procedure 55(b)(1), hereby move for entry of a Final Judgment against Defendant, FAMILY PRACTICE & REHAB, INC. ("Family Practice" or "Defendant") following its Default, and this Court's Order Granting in Part, and Denying In Part, Plaintiff's Motion for Final Summary Judgment, dated September 16, 2019, and in support thereof state as follows:

**BACKGROUND FACTS**

On February 14, 2018, the Plaintiffs filed a Complaint for damages and declaratory relief against Family Practice and Gilson Mortimer (the "Complaint"). (Dkt. 1)  In the Complaint, the Plaintiffs alleged that Family Practice and Gilson Mortimer ("Mortimer") put in place an unlawful

ownership scheme to defraud the Plaintiffs into paying unlawful claims for personal injury protection ("PIP") and, where applicable, Medical Payments ("MP") benefits.

The Complaint asserted claims against Family Practice for fraud, unjust enrichment, and a count for declaratory relief. The counts for fraud and unjust enrichment seek liquidated damages based on the amounts paid by Plaintiffs to Family Practice. The count for declaratory relief seeks a ruling that Family Practice cannot collect on any of its pending bills because it did not lawfully render services since Family Practice was not wholly owned by Charles Richard, D.O. ("Dr. Richard").

On March 7, 2018, the Complaint and Summons were properly served on Family Practice. A copy of the Executed Return of Service was filed on March 8, 2018. (Dkt. 9) Pursuant to Fed. R. Civ. P. Rule 12, Family Practice was required to answer or otherwise respond to the Complaint by March 28, 2018. On March 30, 2018, a Default was entered against Family Practice for failure to answer or respond to the Complaint. (Dkt. 16)

On May 22, 2018, Plaintiffs' filed their first Motion for Default Final Judgment against Family Practice. (Dkt. 24) On May 24, 2018, Magistrate Judge Spaulding entered an Order Denying Plaintiff's Motion for Default Final Judgment against Family Practice without prejudice. (Dkt. 25) In the Order, Magistrate Judge Spaulding reasoned that a Final Judgment should not be entered against Family Practice until Mortimer had the opportunity to defend against Plaintiffs' claims relating to the unlawful ownership scheme. (Dkt. 25) Magistrate Judge Spaulding explained that because Family Practice and Mortimer were "so similarly situated," entry of final judgment against Family Practice on the issues of whether Dr. Richard wholly owned Family Practice, and the clinic's proper licensure, would prejudice Mortimer and would prevent him from being able to

defend against those same claims. (Dkt. 25)

On April 29, 2019, Plaintiffs filed their Motion for Final Summary Judgment (the "Motion for Summary Judgment") against Mortimer. (Dkt. 36)  The central issue in the Motion for Summary Judgment was whether Dr. Richard wholly owned Family Practice or whether Mortimer had an ownership interest in Family Practice.  (Dkt. 36) The Motion for Summary Judgment also alleged, among other things, that Mortimer received the vast majority of the financial benefit from Family Practice's operations.  (Dkt. 36)

On September 16, 2019, this Court entered its Order Granting in Part, and Denying in Part, the Motion for Summary Judgment against Mortimer (the "Order"). (Dkt. 47)  In the Order, this Court determined that Mortimer was, in fact, an owner of Family Practice.  (Dkt. 47)  The Court reasoned that Mortimer's financial control over the business, including his personal financial gain, control over the corporate operations, and daily management of the business demonstrated that he was an owner of Family Practice.  (Dkt. 47)  Since Mortimer was an owner of Family Practice, Family Practice was not wholly owned by Dr. Richard.  As such, Family Practice was not exempt from licensure pursuant to Florida's Health Care Clinic Act, sections 400.990 – 995, Florida Statutes (2017) (the "HCCA"). (Dkt. 47)  Therefore, all of the bills submitted by Family Practice to the Plaintiffs were unlawful and non-compensable.  (Dkt. 47)

## ARGUMENT

**A.  Plaintiffs are entitled to entry of Final Judgment based on Family Practice's Default on their Fraud and Unjust Enrichment Claims because the Court has determined that Family Practice was not lawfully billing and the damages are a sum certain.**

This Court has now ruled on the central dispositive issue in this case.  Since the Court has ruled that Family Practice was not wholly owned by Dr. Richard, none of the services Family

Practice provided to Plaintiffs' insureds were lawfully rendered. (Dkt. 47) Since the services were not lawfully rendered, Family Practice was not "lawfully entitled to payments from State Farm." (Dkt. 47, pp. 12-13). *See also State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.,* 2011 WL 6450769 at *2-4 (M.D. Fla. Dec. 21, 2011) (finding that the violation of the HCCA's licensing requirements rendered all treatment and services unlawful and non-compensable); *State Farm Mut. Auto. Ins. Co. v. Med. Serv. Ctr. Of Fla., Inc.*, 103 F. Supp 3d 1343, 1353-54 (S.D. Fla. 2015) (finding that clinic did not qualify for "wholly owned" exemption and therefore operated unlawfully); *State Farm. Mut. Auto. Ins. Co. v. First Care Solution, Inc.*, 232 F. Supp. 3d 1257, 1267-68 (S.D. Fla. 2017) (holding that a clinic that does not qualify for the "wholly owned" exemption, and does not otherwise hold a license, operates unlawfully).

As a result, State Farm Mutual and State Farm Fire are entitled to recover damages from Family Practice equal to the amounts State Farm Mutual and State Farm Fire paid to Family Practice. (Dkt. 47) *See Allstate Ins. Co. v. Vizcay,* 826 F. 3d 1326, 1330-31 (11th Cir. 2016) (holding that an insurer can recover payments made to a clinic that was operating in violation of the HCCA); *State Farm Fire & Cas. Co. v. Silver Star Health and Rehab*, 739 F. 3d 579, 582-84 (11th Cir. 2013) (holding that State Farm was entitled to recover benefits paid to a clinic that was evading the licensure requirements of the HCCA); *Med. Serv. Ctr. Of Fla., Inc.,* 103 F. Supp. 3d. at 1354-56 (holding that State Farm was entitled to recover payments made for claims that it was statutorily entitled to deny based on clinic's unlawful ownership scheme).

Based on this Court's ruling on Plaintiffs' Motion for Summary Judgment, there is no impediment to entry of Final Judgment as to Family Practice. Mortimer was able to assert all of his

defenses and try to show Family Practice was wholly owned by Dr. Richard. Mortimer was able to participate in discovery and fully litigated his defenses *vis a vis* Family Practice. At this point, there is no risk that Mortimer will be prejudiced by entry of Final Judgment as to Family Practice. Further, it has now been judicially determined that Family Practice did not lawfully bill for services rendered to the insureds at issue in this case (or otherwise). It is, therefore, entirely appropriate for a Final Judgment to be entered against Family Practice since there are no legal or factual issues remaining to be determined between the Plaintiffs and Family Practice.

In regard to the amount of damages, the Plaintiffs' damages on their claims for fraud and unjust enrichment are liquidated sums. The damages sought by Plaintiffs are equal to the total amount of PIP and MP benefits paid by the Plaintiffs to Family Practice for the treatment and services billed that this Court has determined were unlawful and non-compensable. Pursuant to Fed. R. Civ. P. Rule 55(b)(1), a final judgment may be entered if the damages sought are for a sum certain. In support of this Motion, the Plaintiffs have attached as Exhibit "A" the Affidavit of Steve Bright setting forth the amount of liquidated damages. In this matter, the Plaintiffs damages are for a sum certain (i.e., the amount Plaintiffs paid to Family Practice from 2012 to 2015). As such, this Court should enter Final Judgment for damages at to the fraud and unjust enrichments claims against Family Practice.

**B.     It is also now appropriate to enter a judgment on the claim for declaratory relief because Family Practice was never "wholly owned" by Dr. Richard, was never properly licensed, and never lawfully rendered any services to any of Plaintiffs' insureds.**

Plaintiffs are also entitled to entry of Final Judgment against Family Practice on their claim for declaratory relief. An insurer is entitled to a determination that it is not required to pay a healthcare clinic the amount of outstanding bills once it is determined that the services billed for

were not lawfully rendered. *See Silver Star*, 739 F. 3d 579 at 584 (affirming verdict on declaratory action finding that insurer was not required to pay outstanding bills submitted by clinic that was not properly licensed); *Med. Serv. Ctr. Of Fla., Inc.,* 103 F. Supp. 3d. at 1356 (granting summary judgment for State Farm on declaratory judgment and finding that State Farm was not required to pay outstanding bills submitted by clinic that was not "wholly owned" and was operating in violation of the HCCA licensing requirements); *Vizcay,* 826 F. 3d at 1332 (affirming jury verdict that insurer was entitled to declaratory judgment that it was not required to pay outstanding amounts billed by clinic for unlawful and non-compensable treatment).

This Court has already made the dispositive ruling that Family Practice operated under an unlawful ownership scheme. (Dkt. 47)  Accordingly, since none of the services rendered to any of Plaintiffs' insureds were lawfully rendered, State Farm Mutual and State Farm Fire are relieved of the obligation to pay any and all outstanding bills or demands of Family Practice. This includes all the "pending claims" in Exhibit "E" of the Complaint (Dkt. 1-2, Ex. E) (the "Pending Claims"), as well as any other claims, bills, or demands submitted in the past, which are presently pending, or which may be submitted in the future, for treatment from 2012 to the present.   As such, this Court should also enter Final judgment on the count for declaratory relief.

## CONCLUSION

Plaintiffs respectfully request that this Court grant its Motion for Entry of Final Judgment against Family Practice for $410,679.64 in damages, plus costs and interest.  Plaintiffs further request that the Court enter final declaratory judgment against Family Practice finding that the Plaintiffs are not required to pay any outstanding claims, bills, or demands submitted by Family

Practice in regard to the Pending Claims, or in regard to any other bill, claim, or demand submitted by, or on behalf of, Family Practice in the past, present, or future. Plaintiffs further request that the Court grant any other relief to Plaintiffs that the Court deems necessary or proper.

Dated: October 1, 2019.

    /s/ Bart R. Valdes
BART R. VALDES (Trial Counsel)
Florida Bar Number 323380
CAMERON S. FRYE
Florida Bar Number 105142
de Beaubien, Simmons, Knight,
  Mantzaris & Neal, LLP
609 West Horatio Street
Tampa, Florida 33606
Telephone: (813) 251-5825
Facsimile: (813) 254-1063
bvaldes@dsklawgroup.com
cfrye@dsklawgroup.com

KENNETH P. HAZOURI
Florida Bar Number 19800
de Beaubien, Simmons, Knight,
  Mantzaris & Neal, LLP
332 North Magnolia Avenue
Orlando, Florida 32801
Telephone: (407) 422-2454
Facsimile: (407) 849-1845
khazouri@dsklawgroup.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically furnished through the CM/ECF filing system to Eric P. Larue, II, Esq., The LaRue

Firm, 1350 Orange Ave., Suite 228, Winter Park, FL 32789; and by U.S. Mail to Charles H. Richard, D.O., 1528 N.E. 4th Ave., Ft. Lauderdale, FL 33304, on this 1st day of October, 2019.

    /s/ Cameron S. Frye
CAMERON S. FRYE
Florida Bar Number 105142