UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE AND CASUALTY
COMPANY,

    Plaintiff,                                   Case No.: 6:18-cv-00223-JA-KRS

v.

FAMILY PRACTICE AND REHAB,
INC., and GILSON MORTIMER.,

    Defendants.
_____/

**DEFENDANT, GILSON MORTIMER'S, RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR FINAL SUMMARY JUDGMENT AS TO COMMON LAW FRAUD AND DAMAGES AGAINST GILSON MORTIMER AND INCORPORATED MEMORANDUM OF LAW**

Defendant, GILSON MORTIMER, by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 56 and Local Rule 3.01(b), hereby file this Response in Opposition to Plaintiffs, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY'S, Motion for Final Summary Judgment as to Common Law Fraud and Damages and Incorporated Memorandum of Law, and states as follows:

**INTRODUCTION AND BACKGROUND**

On October 1, 2019, Plaintiffs filed their Motion for Final Summary Judgment as to Common Law Fraud and Damages and Incorporated Memorandum of Law (Doc. 49) wherein Plaintiffs seek the Court to render summary judgment in their favor on their claim for common law fraud and for damages.

On September 16, 2019, this Court entered its Order (Doc. 47) on Plaintiff's previously filed motion for summary judgment (Doc. 36). In its Order, the Court denied summary judgment as to Plaintiffs' claim for common law fraud finding there are genuine issues of material fact as to whether Mortimer committed common law fraud and further finding there are genuine issues of material fact as to the amount of damages attributable to Mortimer.

Specifically, in its Order with regard to Plaintiffs' claim for common law fraud, the Court stated that "there are genuine issues of fact as to whether Mortimer *knowingly* made a false statement of fact" and ruled that Plaintiffs' had not established that Mortimer knew he was violating § 627.736, *Fla. Stat*.

Since that time, there has been no additional discovery obtained from Mortimer on this issue. Nor has there been any new evidence on the issue of whether or not Mortimer *knowingly* violated the statute at issue. The deposition testimony of Dr. Charles Richard does not change this or conclusively establish that Mortimer knowingly violated the statute. Therefore, whether or not Mortimer knowingly violated the statute by making a false or misleading statement relating o the claim or charges remains an issue of fact to be determined at trial.

Likewise, on the issue of damages, the Court previously declined to enter summary judgment and stated, in part, "...the amount of damages to which State Farm is entitled remains an issue for trial." Similar to the issue of common law fraud, the amount of damages to which Plaintiffs are entitled remains, even after Plaintiffs' most recent motion for summary judgment, an issue for trial.

## **SUMMARY JUDGMENT STANDARD**

The entry of summary judgment is only appropriate where there is no genuine issue as to any material facts such that the moving party is entitled to judgment as a matter of law. *Celotex v.*

*Catrett*, 477 U.S. 317, 322 (1986). The moving party on a motion for summary judgment bears the burden of demonstrating the absence of a genuine issue as to any material fact. *Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008).

The Court must view all evidence and all factual inferences reasonably drawn from the evidence in the light most favorable to the non-moving party and resolve all reasonable doubts about the facts in favor of the non-movant. *Stewart v. Happy Herman's Cheshire Bridge, Inc.*, 117 F.3d 1278, 1285 (11th Cir. 1997).

"Summary judgment should only be entered when the moving party has sustained its burden of demonstrating that no genuine dispute exists as to any material fact in the case." *Morrison v. Washington County, Alabama*, 700 F2d. 678, 682 (11th Cir. 1983).

"If reasonable minds could differ on any inferences arising from undisputed facts, summary judgment should be denied." *Twiss v. Kury*, 25 F.3d 1551, 1555 (11th Cir. 1994). Further, "any doubt as to the existence of a genuine issue for trial should be resolved against the moving party." *Celotex v. Catrett*, 477 U.S. 317, 322 (1986).

"[S]ummary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

With regard to common law fraud, the elements are as follows: "(1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." *State Farm. Mut. Auto Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc.*, No. 6:11-cv-1373-Orl-31GJK, 2011 U.S. Dist. LEXIS 146926 at *9 (M.D. Fla. Dec. 21, 2011)

## CONCLUSION

Summary judgment is not appropriate on Plaintiff's claim for common law fraud or as to the amount of damages to be awarded to Plaintiffs. Both of these issues remain issues to be determined at trial, as the Court has previously ruled. The Plaintiffs filing of its most recent Motion for Summary Judgment does not change this becuase genuine issues of fact remain. Further, Mortimer is entitled to a trial on these issues. Accordingly, Mortimer respectfully requests the Court deny Plaintiff's Motion for Final Summary Judgment as to Common Law Fraud and Damages and Incorporated Memorandum of Law, and grant such further relief this Court deems just and proper.

Respectfully submitted on this 12th day of November, 2019.

/s/ Eric P. LaRue II
Eric P. LaRue II, Esquire
Florida Bar No.: 97995
The LaRue Firm, PLLC
501 S. New York Ave.
Suite 230
Winter Park, FL 32789
Phone: 407-455-4779
eric@thelaruefirm.com
cindy@thelaruefirm.com
*Counsel for Defendant, Mortimer*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of the Court utilizing the CM/ECF system on this 12th day of November, 2019 which will electronically transmit an electronic copy to:

Bart R. Valdes, Esquire
de Baeubien, Knight, Simmons, Mantzaris & Neal, LLP
609 W. Horatio St.
Tampa, FL 33606
Brv11@dbksmn.com

Cameron Scott Frye, Esquire
de Baeubien, Knight, Simmons, Mantzaris & Neal, LLP
609 W. Horatio St.
Tampa, FL 33606
cfrye@dsklawgroup.com

Kenneth P. Hazouri, Esquire
de Baeubien, Knight, Simmons, Mantzaris & Neal, LLP
332 N. Magnolia Ave.
Orlando, FL 32801
khazouri@dsklawgroup.com

                                              /s/ Eric P. LaRue II
                                              Eric P. LaRue II, Esquire