UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,**

**Plaintiffs,**

**v.** **Case No: 6:18-cv-223-Orl-28LRH**

**FAMILY PRACTICE AND REHAB, INC. and GILSON MORTIMER,**

**Defendants.**

---

# ORDER

Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively "State Farm") filed a second summary judgment motion (Mot. Summ. J., Doc. 49 ("the second motion")) in this action for fraud, unjust enrichment, and declaratory judgment against Defendants Family Practice and Rehab, Inc. ("Family Practice") and Gilson Mortimer.[1] The Court previously denied summary judgment on State Farm's fraud claim (Count I) and granted summary judgment as to liability on its unjust enrichment claim (Count II).[2] (See Doc. 47 ("the first order")). While State Farm did not seek the Court's permission before filing the consecutive summary judgment motion,

---

[1] The current motion is solely against Mortimer. State Farm has renewed its motion for default judgment against Family Practice, (see Mot., Doc.48), but that motion is not addressed in this Order.

[2] In its first Motion for Summary Judgment (Doc. 36 ("the first motion")), State Farm also moved for summary judgment on its declaratory judgment claim. However, the Court was unable to address that part of the motion because the motion was solely brought against Mortimer, whereas State Farm's declaratory judgment claim is solely against Family Practice.

(see Case Management and Scheduling Order, Doc. 20, § II.H.1), Mortimer did not object to its filing, so the Court will allow it. Mortimer filed a Response (Doc. 52), State Farm filed a Reply (Doc. 53), and the Court held a hearing on the motion, (see Mins., Doc. 55). As set forth below, State Farm's motion is granted in part and denied in part.

## I. Discussion[3]

### A. Fraud

The Court finds that there are still genuine issues of material fact as to whether Mortimer committed common law fraud. "The 'essential elements' of common law fraud under Florida law are: (1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person." State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc., No. 6:11-cv-1373-Orl-31GJK, 2011 U.S. Dist. LEXIS 146926, at *9 (M.D. Fla. Dec. 21, 2011) (citing Gandy v. Trans World Comput. Tech. Grp., 787 So. 2d 116, 118 (Fla. 2d DCA 2001)).

In the first order, the Court determined that State Farm had failed to establish that Mortimer knew he was making false statements when he submitted invoices for services unlawfully rendered. In other words, Mortimer knew Family Practice was not wholly owned, but it was unclear whether he knew that the law required the clinic to be wholly owned, and by submitting the bills, he was knowingly asserting that the bills were for services lawfully rendered. State Farm now argues that Mortimer sufficiently knew that he was making false statements because he was admittedly involved in the initial licensing of the clinic,

[3] The facts of this case are detailed in the first order and will not be restated here.

knew the clinic was not wholly owned by a physician, and handled the billing services from submission of invoices to receipt of funds. But the additional evidence provided by State Farm with its second motion—including deposition testimony of Dr. Richard, co-owner of Family Practice—does not allow the Court to make this logical leap. Accordingly, Mortimer's knowledge is still an issue for trial, and summary judgment must be denied as to State Farm's fraud claim. See Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

### B. Damages

Since the first order, State Farm has also obtained affidavits from (1) a State Farm Claim Team Manager to attest that State Farm paid Family Practice $410,679.64 and (2) a forensic accountant to attest that the economic benefit that Mortimer received from Family Practice during the relevant time was more than $440,000.00—not including the $1,200,000 in unaccounted cash withdrawals. Mortimer has produced no evidence to refute these amounts. Accordingly, summary judgment is granted as to State Farm's damages sought in Count II for unjust enrichment in the amount of $410,679.64 plus interest.[4]

## II. Conclusion

It is hereby **ORDERED** that Plaintiffs' second Motion for Summary Judgment (Doc. 49) is **DENIED IN PART** and **GRANTED IN PART**. The motion is **DENIED** to the extent State Farm seeks summary judgment for common law fraud alleged in Count I of the Complaint. It is further **ORDERED** that State Farm's Motion for Summary Judgment is

---

[4] As discussed at the hearing on this motion and implicit in this order, the damages are the same for fraud and unjust enrichment and State Farm cannot recover twice.

**GRANTED** as to damages sought in Count II for unjust enrichment; State Farm is entitled to recover damages from Mortimer in the amount of $410,679.64 plus interest.

**DONE** and **ORDERED** in Orlando, Florida, on December 19, 2019.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record