# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and STATE FARM FIRE AND CASUALTY COMPANY,**

        **Plaintiffs,**

**v.**                      **Case No: 6:18-cv-223-Orl-28LRH**

**FAMILY PRACTICE AND REHAB, INC. and GILSON MORTIMER,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFFS' RENEWED MOTION FOR FINAL DEFAULT JUDGMENT AGAINST DEFENDANT, FAMILY PRACTICE AND REHAB, INC., AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 48)**
>
> **FILED:** October 1, 2019
>
> **THEREON** it is **ORDERED** that the motion is **DENIED without prejudice**.

## I. BACKGROUND.

On February 14, 2018, Plaintiffs filed a complaint against Defendants Family Practice and Rehab, Inc. ("Family Practice") and Gilson Mortimer ("Mr. Mortimer"). Doc. No. 1. The complaint alleges that Defendants willfully, knowingly, and intentionally conspired to defraud Plaintiffs by making material misrepresentations regarding the ownership of Family Practice. *Id.*

The complaint asserts two counts against both Defendants (fraud and unjust enrichment) and a claim for declaratory relief against Family Practice. *Id.*

Mr. Mortimer has appeared by counsel and filed an answer. Doc. No. 18. Family Practice did not timely answer or otherwise respond to the complaint, and upon Plaintiffs' motion, a Clerk's default was entered against it. Doc. Nos. 14, 16.

On May 22, 2018, Plaintiffs filed a motion for default judgment against Family Practice. Doc. No. 24. Magistrate Judge Spaulding denied that motion without prejudice. Doc. No. 25. Judge Spaulding determined that because the complaint alleges that Family Practice and Mr. Mortimer jointly participated in a fraudulent scheme, entry of a default judgment against Family Practice could raise the possibility of inconsistent judgments should Mr. Mortimer go on to successfully defend against Plaintiffs' claims. *Id.* at 2–3. Judge Spaulding ordered that "Plaintiffs may file a renewed motion for entry of a default judgment no later than twenty-one days after the case is resolved as to Defendant Mortimer." *Id.* at 3.

Plaintiffs thereafter moved for summary judgment against Defendant Mortimer. Doc. No. 36. The Honorable John Antoon II granted the motion in part and denied it in part. Doc. No. 47. One issue raised by the motion was whether Mr. Mortimer had an ownership interest in Family Practice. *Id.* at 4. As explained in Judge Antoon's Order:

> Health care clinics operating in Florida are required to be licensed by the Agency for Health Care Administration ("AHCA") unless they qualify for an exemption. Fla. Stat. § 400.991 (2012). A clinic does not lawfully provide services if it does so without obtaining required licenses or meeting the standards for an exemption. Section 400.9905(4)(g), Florida Statutes, provides an exemption for clinics that are "wholly owned by one or more licensed health care practitioners . . . if one of the owners who is a licensed health care practitioner is supervising the business activities and is legally responsible for the entity's compliance with all federal and state laws." A Florida statute pertaining to personal injury protection ("PIP") benefits also provides exemptions to licensing requirements for entities "wholly owned" by a physician licensed under chapters 458 or 459, or by a chiropractic physician licensed under chapter 60. *Id.* § 627.736(5)(h). "An insurer or insured is not required to

> pay a claim or charges . . . for any service or treatment that was not lawful at the time
> rendered [or] [t]o any person who knowingly submits a false or misleading statement
> relating to the claim or charges." *Id.* § 627.736(b)(1).

*Id.* at 1–2. Judge Antoon concluded that there was no genuine issue of material fact as to whether Family Practice was "wholly owned" by one or more licensed health care practitioners because the evidence demonstrated that Mr. Mortimer had an ownership interest in Family Practice. *Id.* at 4–13. Therefore, Judge Antoon concluded that "Family Practice was not exempt from licensure and therefore was not lawfully entitled to payments from State Farm." *Id.* at 12–13. Judge Antoon granted summary judgment in Plaintiffs' favor on the unjust enrichment claim against Mr. Mortimer. *Id.* at 14–15. Judge Antoon concluded, however, that genuine issues of material fact remained as to whether Mr. Mortimer committed common law fraud. *Id.* at 13. Judge Antoon also found that genuine issues of material fact remained regarding the amount of damages. *Id.* at 15.

On October 1, 2019, Plaintiffs filed a renewed motion for default judgment against Family Practice. Doc. No. 48. Plaintiffs state that "[b]ased on this Court's ruling on Plaintiffs' Motion for Summary Judgment, there is no impediment to entry of Final Judgment as to Family Practice." *Id.* at 4. Specifically, Plaintiffs state that the Court has "now ruled on the central dispositive issue in this case," regarding the ownership of Family Practice, and that as a result, Plaintiffs "are entitled to recover damages from Family Practice equal to the amounts [Plaintiffs] paid to Family Practice." *Id.* at 4.

On the same day, Plaintiffs also filed a second motion for summary judgment against Mr. Mortimer. Doc. No. 49. In the motion for summary judgment, Plaintiffs argued that no issues of material fact remained regarding whether Mr. Mortimer engaged in common law fraud or the amount of damages suffered by Plaintiffs. *Id.*

After a hearing, Judge Antoon granted in part and denied in part the second motion for summary judgment. Doc. No. 57. Judge Antoon found that genuine issues of material fact remain as to whether Mr. Mortimer committed common law fraud. *Id.* at 2. Judge Antoon determined, however, that no issues of fact remained regarding damages on Plaintiffs' unjust enrichment claim, which Judge Antoon determined were $410,679.64 plus interest. *Id.* at 3–4.

The renewed motion for default judgment (Doc. No. 48) was referred to the undersigned, and the matter is ripe for review.

## II.     APPLICABLE LAW.

"[A] defendant's default does not in itself warrant the court in entering a default judgment." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  Instead, before entering default judgment, the Court must ensure that it has jurisdiction over the claims and parties, and that the well-pled factual allegations of the complaint, which are assumed to be true, adequately state a claim for which relief may be granted. *See id.* In this analysis, a defaulted defendant is deemed to have admitted all well-pleaded facts. A defaulted defendant is not, however, "held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.*

In cases involving more than one defendant, if there is a risk of inconsistent judgments, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable with other defendants until the matter has been adjudicated with regard to all defendants. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). The

---

[1] The Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981. *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

Eleventh Circuit has also extended the prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint. In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans, Inc. v. Midwest Elecs. Imps., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (citation omitted).

## III. ANALYSIS.

Upon consideration, the renewed motion for default judgment (Doc. No. 48) is due to be denied without prejudice. First, the motion is premature. By prior Order, Judge Spaulding specifically ordered that "Plaintiffs may file a renewed motion for entry of a default no later than twenty-one days after the case is resolved as to Defendant Mortimer." Doc. No. 25, at 3. As evidenced by the Orders on Plaintiffs' motions for summary judgment, the case is not yet fully resolved as to Defendant Mortimer, particularly as it relates to the fraud claim. Doc. Nos. 47, 57. Moreover, in the motion for default judgment against Family Practice, Plaintiffs state that they are entitled to default judgment on both their fraud and unjust enrichment claims. Doc. No. 48, at 3. Therefore, to the extent that Plaintiffs ask the Court to enter default judgment against Family Practice on the fraud claim, as previously explained by Judge Spaulding, "entering a default judgment against Family Practice . . . raises the possibility of inconsistent judgments should Mortimer go on to successfully defend against Plaintiffs' claims." Doc. No. 25, at 2–3.

Second, even if the motion were not premature, it fails to establish Plaintiffs' entitlement to default judgment against Family Practice on each count of the complaint. In the motion, Plaintiffs do not set forth the elements of each of their claims against Family Practice as alleged in the complaint. Nor do Plaintiffs provide citation to relevant legal authority demonstrating how the well-pleaded allegations of the complaint establish each of those elements. Instead, Plaintiffs rely

solely on the Court's first summary judgment order finding that Family Practice was not exempt from licensure under the AHCA and baldly assert that "this Court should enter Final Judgment for damages at [sic] to the fraud and unjust enrichment claims against Family Practice." Doc. No. 48, at 3–5. This is insufficient. Any renewed motion must be supported by a memorandum of legal authority demonstrating how the well-pleaded allegations of the complaint establish each of the elements of the claims for which Plaintiffs seek default judgment against Family Practice. In making this showing, Plaintiffs must provide pinpoint citations to the portions of the complaint (by paragraph number) that establish each of those elements.

**IV.  CONCLUSION.**

For the reasons stated herein, Plaintiffs' Renewed Motion for Final Default Judgment Against Defendant, Family Practice and Rehab, Inc. and Incorporated Memorandum of Law (Doc. No. 48) is **DENIED without prejudice**. Plaintiffs may file a renewed motion for entry of a default no later than twenty-one days after the case is resolved as to Defendant Mortimer. *See* Doc. No. 25, at 3. Alternatively, Plaintiffs may renew their motion for default judgment upon notification that they are not seeking a default judgment against Family Practice on the fraud claim. Any such motion must comply with the dictates of this Order.

**DONE** and **ORDERED** in Orlando, Florida on December 20, 2019.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties