# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and STATE
FARM FIRE AND CASUALTY
COMPANY,

           **Plaintiffs,**

**v.**                                       **Case No:   6:18-cv-223-Orl-28LRH**

FAMILY PRACTICE AND REHAB, INC.
and GILSON MORTIMER,

           **Defendants.**

_____

## ORDER AND REPORT AND RECOMMENDATION

     This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO AMEND COMPLAINT TO DROP COUNT FOR FRAUD AS TO GILSON MORTIMER (Doc. No. 66)** |
| **FILED:** | **March 13, 2020** |

**THEREON** it is **ORDERED** that the motion is **GRANTED**.

| | |
|---|---|
| **MOTION:** | **MOTION FOR ENTRY OF FINAL JUDGMENT AGAINST MORTIMER, RENEWED MOTION FOR ENTRY OF FINAL JUDGMENT AS TO FAMILY PRACTICE, AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 62)** |
| **FILED:** | **February 10, 2020** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.     BACKGROUND.

On February 14, 2018, Plaintiffs State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company (collectively, "State Farm") filed a complaint against Defendants Family Practice and Rehab, Inc. ("Family Practice") and Gilson Mortimer ("Mortimer").  Doc. No. 1.  The complaint alleges that Defendants willfully, knowingly, and intentionally conspired to defraud State Farm by making material misrepresentations regarding the ownership of Family Practice.  *Id.*  The complaint asserts two counts against both Defendants (fraud and unjust enrichment) and a claim for declaratory relief against Family Practice.  *Id.*

The complaint alleges that State Farm issues automobile insurance policies that provide insureds with Personal Injury Protection ("PIP") benefits and, where applicable, Medical Payments Coverage ("MPC").  Doc. No. 1 ¶¶ 3–4, 7, 17–18.  Family Practice was a chiropractic clinic that provided treatment to State Farm's insureds.  *Id.* ¶¶ 5, 7.  Family Practice would then bill State Farm, through an assignment of benefits, for PIP and MPC benefits.  *Id.* ¶ 7.  As previously explained by the Court:

> Health care clinics operating in Florida are required to be licensed by the Agency for Health Care Administration ("AHCA") unless they qualify for an exemption.  Fla. Stat. § 400.991 (2012).  A clinic does not lawfully provide services if it does so without obtaining required licenses or meeting the standards for an exemption. Section 400.9905(4)(g), Florida Statutes, provides an exemption for clinics that are "wholly owned by one or more licensed health care practitioners . . . if one of the owners who is a licensed health care practitioner is supervising the business activities and is legally responsible for the entity's compliance with all federal and state laws." A Florida statute pertaining to personal injury protection ("PIP") benefits also provides exemptions to licensing requirements for entities "wholly owned" by a physician licensed under chapters 458 or 459, or by a chiropractic physician licensed under chapter 60.  *Id.* § 627.736(5)(h).  "An insurer or insured is not required to pay a claim or charges . . . for any service or treatment that was not lawful at the time rendered [or] [t]o any person who knowingly submits a false or misleading statement relating to the claim or charges."  *Id.* § 627.736(b)(1).

Doc. No. 47, at 1–2.

State Farm alleged that Family Practice held itself out to be wholly owned by Charles H. Richard, D.O., in order to claim an exemption from licensure.   Doc. No. 1 ¶¶ 9–10.   However, according to State Farm, Mortimer, who was not a licensed medical professional, was at all times an owner of Family Practice and caused Family Practice to misrepresent that it was wholly owned by Dr. Richard in order to evade the licensing requirements.   *Id.* ¶¶ 11–13.   State Farm alleged that Family Practice was not lawfully operating under a proper AHCA Health Care Clinic licensure exemption, and was not otherwise properly licensed under Florida law because it was not wholly owned by Dr. Richard.   *Id.* ¶ 15.   Therefore, State Farm claimed that the services or treatments that Family Practice rendered to State Farm's insureds were not lawfully rendered.   *Id.* ¶ 25.   State Farm alleged that Defendants conspired to defraud State Farm by misrepresenting the ownership of Family Practice.   *Id.* ¶ 26.

Mortimer appeared by counsel and filed an answer to the complaint.   Doc. No. 18.   Family Practice did not timely answer or otherwise respond to the complaint, and upon State Farm's motion, a Clerk's default was entered against it.   Doc. Nos. 14, 16.

On May 22, 2018, State Farm filed a motion for default judgment against Family Practice. Doc. No. 24.   Magistrate Judge Spaulding denied that motion without prejudice as premature due to the risk of inconsistent judgments.   Doc. No. 25.

State Farm thereafter moved for summary judgment against Mortimer.   Doc. No. 36.   The Court granted the motion in part and denied it in part.   Doc. No. 47.   One issue raised by the motion was whether Mortimer had an ownership interest in Family Practice.   *Id.* at 4.   The Court concluded that there was no genuine issue of material fact as to whether Family Practice was "wholly owned" by one or more licensed health care practitioners because the evidence demonstrated that Mortimer had an ownership interest in Family Practice.   *Id.* at 4–13.   Therefore, the Court

concluded that "Family Practice was not exempt from licensure and therefore was not lawfully entitled to payments from State Farm." *Id.* at 12–13. The Court granted summary judgment in State Farm's favor on the unjust enrichment claim against Mortimer. *Id.* at 14–15. The Court concluded, however, that genuine issues of material fact remained as to whether Mortimer committed common law fraud. *Id.* at 13. The Court also found that genuine issues of material fact remained regarding the amount of damages. *Id.* at 15.

On October 1, 2019, State Farm filed a renewed motion for default judgment against Family Practice. Doc. No. 48. On the same day, State Farm also filed a second motion for summary judgment against Mortimer. Doc. No. 49. In the motion for summary judgment, State Farm argued that no issues of material fact remained regarding whether Mortimer engaged in common law fraud or the amount of damages suffered by State Farm. *Id.*

After a hearing, the Court granted in part and denied in part the second motion for summary judgment. Doc. No. 57. The Court found that genuine issues of material fact remained as to whether Mortimer committed common law fraud. *Id.* at 2. The Court determined, however, that no issues of fact remained regarding damages on State Farm's unjust enrichment claim, which were $410,679.64 plus interest. *Id.* at 3–4.

Upon review of the renewed motion for default judgment against Family Practice, the undersigned determined that because the fraud claim against Mortimer remained outstanding, the motion for default judgment remained premature. Doc. No. 58, at 5. The undersigned also noted that even if it were not premature, the motion failed to establish that State Farm was entitled to default judgment against Family Practice on each count of the complaint. *Id.*

On January 29, 2020, State Farm and Mortimer filed a Joint Stipulation for Withdrawal of Count I Against [Mortimer] and Entry of Final Judgment.   Doc. No. 60.   The parties stipulated to withdrawal of the fraud claim against Mortimer and entry of final judgment against Mortimer.   *Id.*

In light of the parties' joint stipulation, the Court allowed Plaintiff until February 10, 2020 to renew their motion for default judgment against Family Practice.   Doc. No. 61.   State Farm thereafter filed their renewed motion.   Doc. No. 62.   In the motion, State Farm asks the Court to enter final judgment against Mortimer and final default judgment against Family Practice.   *Id.* Mortimer does not oppose the motion.   *Id.* at 15.   The motion was referred to the undersigned.

The Court gave Family Practice up to and including February 21, 2020 to respond to the renewed motion for default judgment.   Doc. No. 63.   To date, Family Practice has not responded to the motion, and the time for doing so has expired.

Upon review of the motion, the undersigned had concerns that the joint stipulation of the fraud claim against Mortimer was invalid.   Doc. No. 64.   And if the joint stipulation was invalid, then it was possible that State Farm's request for default judgment against Family Practice remained premature.   Doc. Nos. 25, 58.   Accordingly, I issued a supplemental briefing order requiring State Farm to address these issues.   Doc. No. 64.

In response, State Farm asks the Court to consider the joint stipulation as an amendment to the complaint.   Doc. No. 65.   Alternatively, State Farm has filed a motion to amend the complaint, solely to remove the fraud claim against Mortimer.   Doc. No. 66.   State Farm has also filed a proposed amended complaint.   Doc. No. 66-1.   The motion to amend the complaint was also referred to the undersigned for disposition.

## II.   ANALYSIS.

### A.   <u>Leave to Amend the Complaint</u>.

Federal Rule of Civil Procedure 15(a) provides that when a party seeks leave to amend,"[t]he court should freely give leave when justice so requires."   The decision to grant or deny amendment is within the discretion of the district court.   *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In *Perry v. Schumacher Group of Louisiana*, 891 F.3d 954 (11th Cir. 2018), the Court considered the effect of a notice of voluntary dismissal of less than all of the claims in a lawsuit under Federal Rule of Civil Procedure 41(a)(1).   The Court concluded that a joint stipulation of dismissal of less than all of the claims in a lawsuit is invalid, and that "Rule 41(a)(1), according to its plain text, permits voluntary dismissal only of entire 'actions,' not claims."   *Id.* at 956.   The Court noted that "[t]here is no mention in the Rule of the option to stipulate dismissal of a portion of a plaintiff's lawsuit—*e.g.*, a particular *claim*—while leaving a different part of the lawsuit pending before the trial court."   *Id.* at 958 (citations omitted).   The Court further noted that there are several ways to dismiss a single claim, the "easiest and most obvious" of which is to "obtain leave to amend the complaint to eliminate the remaining claim, pursuant to Rule 15."   *Id.*

Upon consideration of the Court's analysis in *Perry*, it appears that the parties' joint stipulation of only the fraud claim against Mortimer was invalid.   *See* Doc. No. 60.   However, as in *Perry*, a proper avenue for State Farm to drop the fraud claim against Mortimer is by amending the complaint.   Accordingly, upon review of State Farm's Motion for Leave to Amend Complaint to Drop Count for Fraud as to Gilson Mortimer (Doc. No. 66), I find this request well taken.   The

motion to amend the complaint is **GRANTED**, and State Farm's amended complaint attached to the motion will be deemed the operative pleading in this case.  *See* Doc. No. 66-1.[1]

> B.    Final Judgment Against Mortimer.

State Farm's complaint asserted two counts against Mortimer individually—fraud (Count I) and unjust enrichment (Count II).   Doc. No. 1.   As discussed above, the Court has entered summary judgment in State Farm's favor and against Mortimer on the unjust enrichment claim, and has determined that Mortimer is liable for $410,679.64 plus interest on that claim.   Doc. Nos. 47, 57.   By amending the complaint, State Farm has dropped the fraud claim against Mortimer, and the only claim remaining against Mortimer is the count for unjust enrichment.  *See* Doc. No. 66-1.

Thus, because the only claim raised in the amended complaint against Mortimer is the unjust enrichment claim, Doc. No. 66-1, which has already been resolved by the Court on summary judgment, Doc. Nos. 47, 57, I respectfully recommend that the Court enter final judgment in State Farm's favor and against Mortimer in the amount of $410,679.64 plus interest on Count II of the amended complaint.

> C.    Default Judgment Against Family Practice.

> > 1.    *Standard of Review.*

A court may enter a default judgment only if the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry.  *See Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit

---

[1] The motion states that "Mortimer does not object to Plaintiffs' request for leave to amend the Complaint pursuant to the Joint Stipulation."   Doc. No. 66, at 4.   I note that because Family Practice is in default, and the amended complaint does not assert new claims against Family Practice, Plaintiff is not required to serve a copy of the amended complaint on Family Practice.  *See* Fed. R. Civ. P. 5(a)(2) ("No service is required on a party who is in default for failing to appear.   But a pleading that asserts a new claim for relief against such a party must be served on that party under Rule 4.").

facts that are not well-pleaded or to admit conclusions of law.").[2]   Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of plaintiff's allegations to determine whether plaintiff is entitled to" a default judgment.  *Fid. & Deposit Co. of Md. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

The Supreme Court has explained that a complaint need not contain detailed factual allegations, "but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   This analysis applies equally to motions for default judgment.  *De Lotta v. Dezenzo's Italian Rest., Inc.*, No. 6:08-cv-2033-Orl-22KRS, 2009 WL 4349806, at *5 (M.D. Fla. Nov. 24, 2009) (citations omitted).

If the plaintiff seeks damages, the plaintiff bears the burden of demonstrating entitlement to recover the amount of damages sought in the motion for default judgment.  *Wallace v. The Kiwi Grp., Inc.*, 247 F.R.D. 679, 681 (M.D. Fla. 2008).   Unlike well-pleaded allegations of fact, allegations relating to the amount of damages are not admitted by virtue of default; rather, the court must determine both the amount and character of damages to be awarded.  *Id.* (citing *Miller v. Paradise of Port Richey, Inc.*, 75 F. Supp. 2d 1342, 1346 (M.D. Fla. 1999)).   Therefore, in the default judgment context, "[a] court has an obligation to assure that there is a legitimate basis for any damage award it enters."  *Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003); *see Adolph Coors Co. v. Movement Against Racism and the Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985) (explaining that damages may be awarded on default judgment only if the record

---

[2] The Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to October 1, 1981.   *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

adequately reflects a basis for an award of damages).   Ordinarily, unless a plaintiff's claim against a defaulting defendant is for a liquidated sum or one capable of mathematical calculation, the law requires the district court to hold an evidentiary hearing to fix the amount of damages.   *See Adolph Coors*, 777 F.2d at 1543–44.   However, no hearing is needed "when the district court already has a wealth of evidence . . . such that any additional evidence would be truly unnecessary to a fully informed determination of damages."   *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005); *see also Wallace*, 247 F.R.D. at 681 ("[A] hearing is not necessary if sufficient evidence is submitted to support the request for damages.").

Here, because the claims against Mortimer have been resolved, the matter of default judgment against Family Practice is ripe for review.   Against Family Practice, State Farm asserts claims for fraud (Count I), unjust enrichment (Count II), and declaratory relief (Count III).   Doc. No. 66-1, at 8–16.   Each of these claims will be addressed in turn.

2.      *Fraud (Count I).*

Under Florida law, the elements of fraud include: "(1) a false statement of fact; (2) known by the person making the statement to be false at the time it was made; (3) made for the purpose of inducing another to act in reliance thereon; (4) action by the other person in reliance on the correctness of the statement; and (5) resulting damage to the other person."   *State Farm Mut. Auto. Ins. Co. v. Altamonte Springs Diagnostic Imaging, Inc*., No. 6:11-cv-1373-Orl-31GJK, 2011 WL 6450769, at *4 (M.D. Fla. Dec. 21, 2011) (citing *Gandy v. Trans World Computer Tech. Grp*., 787 So. 2d 116, 118 (Fla. 2d Dist. Ct. App. 2001)).   Allegations of fraud must be pleaded with particularity.   Fed. R. Civ. P. 9(b).

Here, the amended complaint alleges that Family Practice knowingly made false statements of fact by submitting bills, reports, and other supporting documentation to State Farm for medical

treatment or services that were unlawful.   Doc. No. 66-1 ¶¶ 32–33.   State Farm alleges that Family Practice knew that the statements were false because Family Practice was not wholly owned by Dr. Richard.   *Id.* ¶ 37.   The bills and medical documents were submitted to State Farm for the purpose of inducing State Farm to make payments thereon.   *Id.* ¶¶ 35–36, 38.   State Farm relied on the false statements by Family Practice in issuing payment of PIP and MPC benefits to Family Practice.   *Id.* ¶¶ 39–40.   State Farm alleges damage as a result in the form of the payments made on the claims that were unlawful.   *Id.* ¶ 40.

By its default, Family Practice admits the well pleaded allegations of the complaint.   *See Nishimatsu*, 515 F.2d at 1206 ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established.").   Accordingly, I recommend the Court find that State Farm is entitled to default judgment against Family Practice on Count I of the amended complaint.

### 3.    *Unjust Enrichment (Count II).*

Under Florida law, "to establish the elements of a cause of action for unjust enrichment, State Farm must show that: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof to the plaintiff."   *State Farm Mut. Auto. Ins. Co. v. Med. Serv. Ctr. of Fla., Inc.*, 103 F. Supp. 3d 1343, 1355 (S.D. Fla. 2015) (citing *Altamonte Springs Diagnostic Imaging, Inc.*, 2011 WL 6450769, at *5).   A cause of action for unjust enrichment lies for insurers to recover payments retained by clinics for unlawfully rendered services.   *See State Farm Fire & Cas. Co. v. Silver Star Health and Rehab*, 739 F. 3d 579, 584 (11th Cir. 2013) ("If an entity accepts and retains

benefits that it is not legally entitled to receive in the first place, Florida law provides for a claim of unjust enrichment.").

The amended complaint alleges that State Farm conferred a benefit on Family Practice by issuing PIP and MPC benefits to Family Practice upon receipt of bills, reports, and other documentation for medical treatment.   Doc. No. 66-1 ¶¶ 42–43.   The amended complaint further alleges that State Farm was not obligated to pay Family Practice for the medical treatment because the services were unlawfully rendered.   *Id.* ¶¶ 45–46.   The amended complaint also alleges that it would be inequitable to allow Defendants to retain the benefits of these payments for services unlawfully rendered; Defendants were not legally entitled to accept and retain the PIP and MPC benefits paid by State Farm.   *Id.* ¶ 48.

By its default, Family Practice admits the well pleaded allegations of the complaint.  *See Nishimatsu*, 515 F.2d at 1206.   Accordingly, I recommend the Court find that State Farm is entitled to recover damages from Family Practice equal to the amounts it paid to Family Practice on the unlawful claims.   *See, e.g.*, *All State Ins. Co. v. Vizcay,* 826 F.3d 1326, 1330–31 (11th Cir. 2016) (holding that insurer was entitled to final judgment on unjust enrichment claim to recover payments made to a clinic that was operating in violation of Florida's Health Care Clinic Act); *Silver Star Health and Rehab*, 739 F.3d at 582–84 (holding that State Farm was entitled to bring unjust enrichment claim to recover benefits paid to a clinic that was evading the licensure requirements of the Health Care Clinic Act).

### 4.   *Declaratory Relief (Count III).*

In Count III of the amended complaint, State Farm also seeks a declaratory judgment against Family Practice.  Doc. No. 66-1, at 13.  State Farm seeks a declaration that it has "no duty or obligation to pay, and are not required to pay a claim or any charges, (a) for services that were not

lawful at the time rendered, or (b) to Family Practice because Family Practice knowingly submitted false or misleading statements relating to the Pending Claims."  *Id.* ¶ 56; *see also* Doc. No. 1-2, at 9 (Exhibit E to complaint, also cited in amended complaint, that provides a list of outstanding amounts ($7,128.82) billed by Family Practice to State Farm).   State Farm alleges that there is an actual controversy existing between State Farm and Family Practice as to whether State Farm has been relieved of liability for any PIP or MPC benefits on the medical bills submitted by Family Practice.   Doc. No. 66-1 ¶¶ 58–59.   I also note that the Court has already ruled that Family Practice operated under an unlawful ownership scheme.   Doc. No. 47.

Upon review, I recommend that the Court grant the requested declaratory relief.   *See, e.g.*, *Med. Serv. Ctr. of Fla., Inc.*, 103 F. Supp. 3d at 1356 (granting declaratory relief on summary judgment for State Farm; finding that State Farm was not obligated to pay outstanding bills submitted by a clinic that was operating in violation of Florida's Health Care Clinic Act licensing requirements); *State Farm Mut. Auto. Ins. Co. v. Physicians Group of Sarasota, L.L.C.*, 9 F. Supp. 3d 1303, 1313 (M.D. Fla. 2014) (holding that complaint sufficiently stated claim for declaratory relief that all outstanding claims or charges were not owed because services were not lawfully rendered).

5.   *Damages.*

As noted by the Court in the second summary judgment Order, "the damages are the same for fraud and unjust enrichment and State Farm cannot recover twice."   Doc. No. 57, at 3 n.4.

In the motion for default judgment, State Farm relies on the affidavit of Stephen Bright to establish damages.   Doc. No. 62, at 4–5; *see* Doc. No. 49-4.   Mr. Bright is a Claim Team Manager for State Farm.   Doc. No. 49-4 ¶ 2.   Mr. Bright avers that Plaintiffs collectively paid the following amounts to Family Practice:

- 2012 - $9,707.47

- 2013 - $70,367.12

- 2014 - $198,865.83

- 2015 - $131,739.22

*Id.* ¶ 3.   These amounts total $410,679.64.    Of that total, Mr. Bright avers that Plaintiff State Farm

Mutual Automobile Insurance Company paid Family Practice PIP and MPC benefits in the amount

of $403,465.48, on which it is also entitled to interest.  *Id.* ¶ 5.  Mr. Bright further avers that

Plaintiff State Farm Fire and Casualty Company paid Family Practice PIP and MPC benefits totaling

$7,214.16, on which it is also entitled to interest.  *Id.* ¶ 6.

Absent objection from Family Practice, I recommend that the Court find that State Farm has

sufficiently established entitlement to $410,679.64 in damages, plus interest.[3]

> 6.    *Costs.*

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules,

or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the

prevailing party."   Fed. R. Civ. P. 54(d)(1).   "Under Rule 54(d), there is a strong presumption that

the prevailing party will be awarded costs."   *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir.

2007) (citing *Arcadian Fertilizer, L.P. v. MPW Indus. Serv., Inc.*, 249 F.3d 1293, 1296 (11th Cir.

2001)).   Such costs, however, may not exceed those permitted by 28 U.S.C. § 1920, which

delineates the allowable costs as:

> (1) Fees of the clerk and marshal;

---

[3] I note that the evidence on which State Farm relies to establish damages against Family Practice is the same evidence that it relied on to establish its damages against Mortimer on the unjust enrichment claim, which the Court found sufficient on summary judgment.  *See* Doc. Nos. 49-2, 49-3, 57.

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under 28 U.S.C. § 1923;

(6) Compensation of court appointed experts, interpreters, and special interpretation services.

A court cannot award costs other than those specifically authorized in § 1920, unless authorized by another applicable statute.  *See United States EEOC v. W&O, Inc.*, 213 F.3d 600, 620 (11th Cir. 2000) (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

Mr. Bright avers that State Farm incurred the following costs in this matter:

- Filing Fee - $400.00

- Witness fee for the deposition of Charles Richard, D.O. - $2,250.00

- Transcript of the deposition of Dr. Richard - $845.85

- Transcript of the deposition of Gilson Mortimer - $1,353.05

- Total taxable costs - $4,848.90

Doc. No. 49-4 ¶ 8.

Because it appears that each of these costs is recoverable under § 1920, I recommend that the Court grant the requested costs.   Such costs should be imposed against Family Practice jointly and severally with Mortimer.   *See Silver Star Health & Rehab*, 739 F.3d at 586 ("The default rule is that costs are to be imposed jointly and severally, and the burden is on the party seeking to avoid that to introduce evidence justifying apportionment and persuade the court to do that.").

## III.    RECOMMENDATION.

As discussed herein, it is **ORDERED** that State Farm's Motion for Leave to Amend Complaint to Drop Count for Fraud as to Gilson Mortimer (Doc. No. 66) is **GRANTED**, and the amended complaint (Doc. No. 66-1) is deemed the operative pleading in this case.

It is **RESPECTFULLY RECOMMENDED** that the Court:

1.    **GRANT** Plaintiffs' Motion for Entry of Final Judgment Against Mortimer, Renewed Motion for Entry of Final Judgment as to Family Practice (Doc. No. 62);

2.    **ENTER** final default judgment against Family Practice on all counts of the amended complaint;

3.    **ORDER** that Plaintiffs are not obligated to pay $7,128.85 to Family Practice for services regarding Plaintiffs' insureds which remain outstanding and unpaid;

4.    **ENTER** final judgment in favor of State Farm and against Mortimer on Count II of the amended complaint;

5.    **ENTER** judgment in favor of Plaintiffs and against Defendants, jointly and severally, in the amount of $410,679.64 plus interest;

6.    **AWARD** Plaintiffs total taxable costs in the amount of $4,848.90, to be paid by Defendants, jointly and severally;

7.    **DENY** any pending motions as moot; and thereafter

8.    **DIRECT** the Clerk of Court to close the file

## **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Ordered and Recommended in Orlando, Florida on March 24, 2020.

LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties